# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**YOUNES ELOIRZAZI,**
**Claimant Below, Petitioner**

**v.) No. 24-ICA-110**        (JCN: 2017027670)

**AM COMMUNICATIONS,**
**Employer Below, Respondent**

**FILED**
**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Younes Eloirzazi appeals the February 15, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent AM Communications filed a response.[1] Mr. Eloirzazi did not reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders, which 1) denied the addition of C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement as compensable conditions of the claim, 2) denied authorization for physical therapy of the cervical spine, 3) denied the request to reopen the claim for TTD benefits, and 4) denied payment of a receipt for emergency room treatment for a C5-C6 herniated disc.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On March 4, 2017, while employed by AM, Mr. Eloirzazi suffered an injury to his neck as a result of a motor vehicle accident. Mr. Eloirzazi was seen at MedExpress on March 6, 2017. Mr. Eloirzazi reported neck pain radiating down the right shoulder. The provider assessed sprain of joints and ligaments of unspecified parts of the neck. Mr. Eloirzazi submitted an Employees' and Physicians' Report of Injury dated March 6, 2017. The physician's section identified the injury as a neck sprain as a direct result of an

---

[1] Mr. Eloirzazi is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. AM is represented by Steven K. Wellman, Esq., and James W. Heslep, Esq.

[2] The Board also reversed the claim administrator's order denying authorization for a cervical MRI, however that is not at issue in the instant case.

1

occupational injury. On June 1, 2017, the claim administrator issued an order holding the claim compensable for neck sprain.

Mr. Eloirzazi underwent an MRI of the cervical spine on September 14, 2017, revealing a disc herniation at C5-C6 with mild canal stenosis. On October 5, 2017, the claim administrator issued an order granting authorization for a neurological consultation.

On November 14, 2017, Mr. Eloirzazi was seen by Matthew Walker, M.D. Mr. Eloirzazi reported that he had occasional pain extending into the upper extremities. Dr. Walker commented that the September 14, 2017, MRI revealed a left-sided C5-C6 disc herniation with C5-C6 disc degeneration. Dr. Walker assessed neck pain, cervical disc disorder at C5-C6 level with radiculopathy, and C5-C6 disc herniation with neck and left greater than right occasional radicular arm pain. The claim administrator issued an order dated May 21, 2018, granting authorization for an epidural steroid injection.

Mr. Eloirzazi followed up with Dr. Walker on March 22, 2018. Mr. Eloirzazi reported that he continued to have neck pain, but he denied any radicular arm pain or weakness in the arms. Mr. Eloirzazi was seen by Francis Saldanha, M.D., on May 31, 2018, and presented with neck and left arm pain. Dr. Saldanha assessed Mr. Eloirzazi with a cervical strain, cervical facet syndrome, and cervical spondylosis without myelopathy.

On September 11, 2018, Mr. Eloirzazi was evaluated by David Soulsby, M.D. Mr. Eloirzazi reported neck pain that radiated into his left shoulder and down his left arm. Dr. Soulsby assessed an annular tear with small disc herniation at C5-C6. Dr. Soulsby reported that he was concerned that Mr. Eloirzazi may have developed chronic neck pain and stiffness due to the compensable injury. On June 24, 2019, the claim administrator issued an order granting authorization for two facet and two trigger point injections.

Mr. Eloirzazi followed up with Dr. Soulsby on February 5, 2020. Dr. Soulsby assessed a herniated disc at C5-C6 with annular tear. Dr. Soulsby opined that because Mr. Eloirzazi had reported no significant improvement over the last three years, the only chance to resolve the injury would be through surgical intervention. Dr. Soulsby recommended an MRI of the cervical spine and a neurosurgical evaluation. Dr. Soulsby noted that there were no preexisting or unrelated conditions impacting recovery except Mr. Eloirzazi's continued use of tobacco. Dr. Soulsby further opined that if no surgical correction was reasonable, then Mr. Eloirzazi was at maximum medical improvement ("MMI").

On August 27, 2021, Mr. Eloirzazi underwent another MRI of the cervical spine, revealing multilevel degenerative disease and a mild disc bulge with small central protrusion at C4-C5. Mr. Eloirzazi was seen by Charles Kanos, M.D., on October 22, 2021, where he reported chronic neck pain. Dr. Kanos opined that no surgical procedures were

to be considered. Mr. Eloirzazi was found to have reached MMI and no further medical treatment was anticipated.

Mr. Eloirzazi was seen at Greenville Memorial Hospital on April 8, 2023, where he reported right periscapular pain and neck pain. The assessment was other specified disorders of bone, shoulder, and cervicalgia. Mr. Eloirzazi submitted the billing statement from Greenville Memorial Hospital for services rendered on April 8, 2023. The total cost was $1,427.00. On the same day, Mr. Eloirzazi submitted a request for referral to physical therapy, signed by Shawna Bellew, M.D.

Mr. Eloirzazi began physical therapy on April 13, 2023, for the diagnoses of cervicalgia and cervical radiculopathy. Mr. Eloirzazi was seen by Stanley Darnell, NP, on May 2, 2023. Mr. Eloirzazi reported chronic neck pain radiating to his left scapula that improved with oral steroids. NP Darnell assessed herniated cervical disc, hypertension, and left cervical radiculopathy. NP Darnell recommended another MRI and a follow-up with Dr. Kanos. On the same day, NP Darnell requested authorization for an MRI of the cervical spine for the diagnosis of left cervical radiculopathy.

The claim administrator issued three orders dated May 8, 2023. The first order denied authorization for a cervical MRI because a second MRI revealed findings that were not present on the initial MRI and, therefore, they were considered to be new findings, unrelated to the compensable injury. The second order denied authorization for physical therapy for the cervical spine based on the same MRI findings. The third order denied Mr. Eloirzazi's request for a reopening of the claim for TTD benefits because there was no medical evidence of an aggravation and/or progression of the compensable injury. Mr. Eloirzazi protested these orders.

Mr. Eloirzazi submitted a Diagnosis Update form completed by Dr. Walker dated July 31, 2023. In this form, Dr. Walker requested that C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement be added as compensable components of the claim. The claim administrator issued an order dated August 15, 2023, denying the addition of C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement as compensable conditions of the claim based upon the MRI dated August 27, 2021, which revealed no herniated or displaced disc at C5-C6. The claim administrator issued an order dated August 25, 2023, which denied payment of a receipt for emergency room treatment on April 8, 2023, because the treatment was for a C5-C6 herniated disc which was not revealed by the MRI dated August 27, 2021. Mr. Eloirzazi protested these orders.

On February 15, 2024, the Board affirmed the claim administrator's orders. The Board found that the preponderance of the evidence does not establish that C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement are causally related to the compensable injury nor that physical therapy and the treatment on April 8, 2023, are

3

medically necessary and reasonably required in the course of treatment for the compensable injury. The Board further found that Mr. Eloirzazi has not established that he is entitled to a reopening of the claim for TTD benefits. Mr. Eloirzazi now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, __W. Va. __, 905 S.E.2d 528 (2024).

Mr. Eloirzazi argues that the Board did not consider whether he had any prior history of the C5-C6 disc displacement or disc disorder with radiculopathy, and it did not analyze the issue pursuant to *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Further, Mr. Eloirzazi argues that the conditions that Dr. Walker seeks to add as compensable under the claim are similar to the symptoms that began immediately upon the injury taking place, and progressively worsened over the course of the past few years. We disagree.

In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition, or facts not previously considered. *See* West Virginia Code § 23-5-2 (2005) and § 23-5-3a (2022).

In *Harper v. State Workmen's Comp. Comm'r.*, 160 W. Va. 364, 234 S.E.2d 779 (1977), the Supreme Court of Appeals of West Virginia held that for a reopening of a workers' compensation claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the

4

inference that there has been a progression or aggravation of the former injury." *Id.* at 364, 234 S.E.2d at 780, syl.

Here, the Board found that Mr. Eloirzazi failed to establish by a preponderance of the evidence that C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement are causally related to the compensable injury. The Board was persuaded by the August 27, 2021, MRI that, according to Dr. Kanos, showed degenerative disc disease at C4-C5 and C5-C6 with mild bulging but no severe nerve compression. Also, the Board noted that Dr. Walker did not address the MRI from 2021. The Board further found that Mr. Eloirzazi's requests for physical therapy and payment for treatment were not related to the compensable diagnosis of neck sprain. Finally, the Board found that Mr. Eloirzazi failed to establish that he is entitled to a reopening of the claim for TTD benefits.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Eloirzazi failed to establish that C5-C6 disc disorder with radiculopathy and C5-C6 disc displacement should be held compensable based on the August 27, 2021, MRI. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in finding that Mr. Eloirzazi failed to establish that the requests for physical therapy and payment for treatment were related to the compensable condition. Finally, we conclude that the Board was not clearly wrong in finding that Mr. Eloirzazi failed to establish that he is entitled to a reopening of the claim for TTD benefits.

Accordingly, we affirm the Board's February 15, 2024, order.

Affirmed.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**
Judge Charles O. Lorensen
Judge Daniel W. Greear

Chief Judge Thomas E. Scarr, not participating

5